

# In the Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| AUDREY BAKER, | ) | |
| Appellant, | ) | |
| v. | ) | **WD85406** |
| | ) | |
| CURATORS OF THE UNIVERSITY OF | ) | |
| MISSOURI, et al., | ) | FILED: November 22, 2022 |
| Respondents. | ) | |

### APPEAL FROM THE CIRCUIT COURT OF BOONE COUNTY
#### THE HONORABLE KEVIN CRANE, JUDGE

### BEFORE DIVISION TWO: LISA WHITE HARDWICK, PRESIDING JUDGE,
### THOMAS N. CHAPMAN AND JANET SUTTON, JUDGES

Audrey Baker appeals the entry of summary judgment in favor of Stephanie Browning, in her official capacity as Director of the Columbia/Boone County Department of Public Health and Human Services, on Baker's petition alleging Browning violated the Sunshine Law[1] by denying her requests for records of applications for religious exemptions from immunizations for school-aged children. Baker contends Browning's responses to her requests were insufficient and the records she requested were not closed. Baker also argues the court erred

---

[1] Section 610.010 *et seq*. All statutory references are to the Revised Statutes of Missouri 2016.

in dismissing Boone County from the case. Because there is no final, appealable judgment, we dismiss the appeal.

## FACTUAL AND PROCEDURAL HISTORY

The City of Columbia provides public health services to Boone County residents under a public health services cooperative agreement, authorized by Section 70.220, between Boone County and the City of Columbia. The City of Columbia provides these public health services using the name "Columbia/Boone County Department of Public Health and Human Services" ("the Health Department"). Browning is the Director of Public Health and Human Services for both the City of Columbia and the Health Department, and she is also the records custodian for the Health Department.

The State of Missouri requires students attending school to be immunized pursuant to the rules and regulations of the State's Department of Health and Senior Services ("DHSS"). § 167.181.2. Students are exempt from the immunization requirement if a parent or guardian objects in writing on the basis of religious beliefs or medical contraindications. § 167.181.3. A religious exemption to immunization "must be provided on an original [DHSS]'s form Imm.P.11A, and shall be signed by the parent or guardian and placed on file with the school immunization health record." 19 CSR 20-28.010(1)(C)2. The Imm.P.11A form ("Form 11") may be obtained from a medical provider, a local public health agency, or DHSS's Bureau of Immunization Assessment and Assurance. *Id*.

2

The Health Department is a public health agency that is permitted to distribute a Form 11 and does so as a courtesy to local residents. Pursuant to the Health Department's protocols, when a parent or guardian requests a religious exemption, they are given an immunization exemption request form and a demographic questionnaire to complete. The Health Department's immunization exemption request form asks the parent or guardian to provide the child's name and birthday, the vaccines to which the parent or guardian is objecting, the reason for the objection, the name of the child's school or daycare, and the name and signature of the child's parent or guardian. If the applicant chooses not to complete the Health Department's immunization exemption request form or the demographic questionnaire, the Health Department refers the applicant to DHSS, from whom the applicant can also obtain a Form 11.

On July 15, 2020, Baker made six requests to Browning under the Sunshine Law and Missouri Public Records Law for records of the Health Department relating to immunization exemption request forms. The two requests at issue in this appeal are request 2, in which Baker asked for: "All copies, since May 1, 2019, of a parent or guardian's application or request to obtain an immunization religious exemption form from your Health Department," and request 5, in which Baker asked for, in pertinent part: "The data used since [sic] by Boone County since June 1, 2019, to input religious exemptions into the Missouri ShowMeVax system[.]"

3

Browning responded to Baker's requests on July 16, 2020. Regarding request 2, Browning responded: "165 records (exemption request forms) between July 2019 (when we started using them), and March 2020 (when pandemic response activities prevented us from providing exemptions). Please be aware, these exemption request forms contain protected health information." For request 5, Browning responded, in pertinent part: "The department's Immunization Exemption Request form is used to input the exemption into ShowMeVax."

On August 18, 2020, Baker emailed Browning and told her the responses were "non-responsive." Baker noted Browning did not produce any records in response to these particular requests, disputed Browning's contention that a parent or guardian's request to obtain a Form 11 contains protected health information, and again asked Browning to provide records responsive to her requests. Along with her criticism of Browning's responses to her initial requests for records, Baker's August 18, 2020 email also requested additional records from Browning, specifically: "All communications by or with you or any employee of the [Health Department] regarding Audrey Baker's open records request."

Browning replied to Baker's email on August 27, 2020, with an email updating her prior responses to state that the records Baker was seeking in requests 2 and 5 were closed records pursuant to Sections 610.021(14) and 167.183. In response to Baker's additional request for records of all communications by or with Browning or any Health Department employee

4

regarding Baker's open records request, Browning stated such records were closed pursuant to Section 610.021(1).

On September 1, 2020, Baker filed a petition alleging Sunshine Law violations against several defendants, including the Curators of the University of Missouri and Paula Barrett, the University's records custodian, based on a separate records request; and Boone County, by and through the Boone County Commission and its individual Commissioners, Browning, and the Health Department based on the July and August 2020 records requests. Boone County filed a motion to dismiss Baker's claim against it alleging that, because it purchased services from the City of Columbia for the operation of the Health Department, all Department records were records of the City of Columbia and not Boone County, and Boone County was not the records custodian for the records Baker sought. Boone County argued it should be dismissed from the case because the petition failed to state a claim upon which relief could be granted as against Boone County and/or Boone County was improperly joined as a party to the litigation. After Baker filed suggestions in opposition to the motion to dismiss, the circuit court granted Boone County's motion to dismiss.

Baker then filed an amended petition against the remaining defendants. In her amended petition, she alleged two counts of Sunshine Law violations against the Curators of the University of Missouri and Barrett based on the separate records request and two counts of Sunshine Law violations against Browning and

the Health Department based on the July and August 2020 records requests.[2]  The two counts against the Curators of the University of Missouri and Barrett were settled and dismissed on August 13, 2021, and are not part of this appeal.  As for the two counts against Browning and the Health Department, Baker alleged in Count I that Browning and the Health Department violated the Sunshine Law by denying requests 2 and 5 for the completed immunization exemption request forms.  In Count II, Baker alleged that Browning and the Health Department violated the Sunshine Law by denying her request for all communications by or with Browning or any Health Department employee regarding her open records request.

Baker subsequently filed a motion for summary judgment on Count I of her amended petition.  Browning also filed a motion for summary judgment.  The court made a docket entry granting Browning's summary judgment motion and denying Baker's motion.  The court further stated that the judgment was final for purposes of appeal.  Baker appeals.

---

[2] In the caption of her amended petition, Baker named as defendants "Stephanie Browning, in her official capacity as Columbia/Boone County Department of Public Health and Human Services [sic] and in her capacity as the Health Director for the City of Columbia."  In paragraphs 14 and 15 of the amended petition, however, she stated that the defendants in the action were "Defendant Columbia/Boone County Department of Public Health and Human Services" and "Defendant Stephanie Browning," whom Baker described as the "Director of Columbia/Boone County Department of Public Health and Human Services" and the "designated and appointed Custodian of Records" for the Department.  The headings for Counts I and II against Browning and the Health Department read, "Violation of Missouri Sunshine Law, Plaintiff v. Stephanie Browning / Columbia/Boone County Department of Public Health and Human Services."  "[P]arties to a cause of action are determined by reference to the body of the petition, not the caption."  *Naylor Senior Citizens Hous., LP v. Side Constr. Co.*, 423 S.W.3d 238, 242 n.2 (Mo. banc 2014) (citation omitted).  Based on the body of the petition, the defendants in Counts I and II were Browning and the Health Department.

## FINALITY OF THE JUDGMENT

Before we can address the merits of an appeal, we have a duty to determine whether we have jurisdiction. *Kelly v. Boone Cty.*, 646 S.W.3d 739, 742 (Mo. App. 2022). For this court to have jurisdiction, the summary judgment entered by the circuit court and appealed by Baker must have been a "final judgment" as that term is used in Section 512.020(5). *Id*. "[A] 'final judgment' for purposes of section 512.020(5) must satisfy the following criteria. First, it must be a judgment (i.e., it must fully resolve at least one claim in a lawsuit and establish all the rights and liabilities of the parties with respect to that claim)." *Wilson v. City of St. Louis*, 600 S.W.3d 763, 771 (Mo. banc 2020). "The judgment must also satisfy Rule 74.01(a), in that it 'must be in writing, signed by the judge, and expressly denominated a judgment.'" *Kelly*, 646 S.W.3d at 742 (quoting *Wilson*, 600 S.W.3d at 771 n.9). "Second, it must be 'final,' either because it disposes of all claims (or the last claim) in a lawsuit, or because it has been certified for immediate appeal pursuant to Rule 74.01(b)." *Wilson*, 600 S.W.3d at 771. To be eligible for certification under Rule 74.01(b), the judgment must dispose of a "judicial unit" of claims, which means it "(a) disposes of all claims by or against at least one party, or (b) it disposes of one or more claims that are sufficiently distinct from the claims that remain pending in the circuit court." *Id*. "Determining whether these criteria are met is a question of law and depends on 'the content, substance, and effect of the order,' not the circuit court's designation." *Id*. (citation omitted).

Here, the court's docket entry was in writing, signed by the judge, and denominated a "judgment" as Rule 74.01(a) requires. The docket entry stated the court was granting Browning's summary judgment motion and denying Baker's summary judgment motion. In Browning's summary judgment motion, she stated she was seeking summary judgment "on the *claim* contained in Plaintiff's Petition." (Emphasis added.) There were two claims asserted against Browning in Baker's amended petition. Browning's statement of uncontroverted material facts and her memorandum supporting her summary judgment motion addressed only the claim in Count I of Baker's amended petition, which was whether Browning's response to requests 2 and 5 for the completed immunization exemption request forms violated the Sunshine Law. Browning's summary judgment pleadings did not address the claim in Count II of Baker's amended petition, which was whether Browning's response to the additional request for records of all communications of Browning or any Health Department employee concerning Baker's open record request violated the Sunshine Law. The claim in Count II of Baker's amended petition remains unresolved.

Moreover, Counts I and II of Baker's amended petition were against both Browning *and* the Health Department. Browning's summary judgment pleadings indicate that she moved for summary judgment only on her own behalf. There is no indication that the Health Department joined in Browning's summary judgment motion, and there is no indication in the record on appeal that the circuit court resolved the claims in Baker's Counts I and II against the Health Department.

8

Thus, the summary judgment in this case does not meet the criteria to be a "final judgment" because it (1) does not fully resolve at least one claim in the lawsuit and establish all the rights and liabilities of the parties with respect to that claim; and (2) neither disposes of all claims (or the last claim) in the lawsuit nor is certified for immediate appeal pursuant to Rule 74.01(b).[3]  Because the summary judgment is not a final judgment, we lack jurisdiction to entertain this appeal.

### CONCLUSION

Baker's appeal is dismissed for want of a final, appealable judgment.

_____
LISA WHITE HARDWICK, JUDGE

ALL CONCUR.

---

[3] We express no opinion as to whether, if the summary judgment had fully resolved at least one claim in the lawsuit, a Rule 74.01(b) certification for immediate appeal would have been appropriate.